Brian D. Chase, Esq. (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan, Esq. (SBN 211258)
BISNAR | CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Attorneys for Plaintiffs and Putative Classes

Nicky Jatana (SBN 197682)
jatanan@jacksonlewis.com
Cynthia J. Emry (SBN 161763)
emryc@jacksonlewis.com
Andranik Tsarukyan (SBN 258241)
andy.tsarukyan@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
LIFE TIME FITNESS, INC. and LTF
CLUB MANAGEMENT COMPANY, LLC

*[Additional Counsel Listed on Following Page]*

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO. 8:14-cv-01280-AG-DFM**<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**STIPULATION TO TRANSFER ACTION**<br><br>Complaint served: August, 18, 2014<br>Current response date: October 31, 2014 |

1  Branigan A. Robertson, Esq. (SBN 284528)
   branigan@brobertsonlaw.com
2  BRANIGAN ROBERTSON
   9891 Irvine Center Drive, Suite 200
3  Irvine, CA 92618
   Telephone: (949) 667-3025
4  Facsimile: (949) 242-9853

5  Attorneys for Plaintiffs and Putative Classes

6

7  Michael L. Fradin, Esq.
   mike@fradinlaw.com
8  LAW OFFICE OF MICHAEL L. FRADIN
   8401 Crawford Avenue, Suite 104
9  Skokie, Illinois 60076
   Telephone: (847) 644-3425
10 Facsimile: (847) 673-1288

11 Attorneys for Plaintiffs David Ramsey and Jared Steger

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Case No. 8:14-cv-01280-AG-DFM  |  2  |  STIPULATION TO TRANSFER ACTION

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      Plaintiffs JOHN CHRISPENS, GREGORY GENTILE, and MAI HENRY,
3  individually and on behalf of all others similarly situated ("California Plaintiffs"),
4  Plaintiffs DAVID RAMSEY and JARED STEGAR ("Illinois Plaintiffs") and defendants
5  LIFE TIME FITNESS, INC. and LTF CLUB MANAGEMENT COMPANY, LLC,
6  ("Defendants") (collectively, the "Parties"), by and through their respective attorneys of
7  record, respectfully submit this Stipulation in accordance with applicable federal law:

8      WHEREAS on July 7, 2014, the Illinois Plaintiffs filed an individual and collective
9  action complaint against Defendants in the Circuit Court of Cook County in the State of
10 Illinois captioned *David Ramsey and Jared Steger v. LTF Club Operations Company,*
11 *Inc., dba Life Time Fitness, Inc.*, Case No. 2014-L-007133 ("Illinois Action"). The
12 Illinois Action alleges Defendants violated the Fair Labor Standard Act (the "FLSA"), 29
13 U.S.C. § 216(b), the Illinois Minimum Wage Law ("IMWL"), 820 ILCSv105/1 et seq.,
14 the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 et seq.,
15 Illinois Whistleblower Act, 740 ILCS 174, and other common law claims. The Illinois
16 Action seeks to conditionally certify a FLSA collective action.

17     WHEREAS on August 6, 2014, Defendants removed the Illinois Action to the
18 United States District Court for the Northern District of Illinois, where it is presently
19 pending before Hon. Sharon Johnson Coleman, Case Number 14-cv-6056, based upon
20 federal question jurisdiction.

21     WHEREAS On August 12, 2014, California Plaintiffs filed the instant collective
22 action and class action pursuant to the FLSA and Rule 23 of the Federal Rules of Civil
23 Procedure ("FRCP") in the United States District Court for the Central District of
24 California ("California Action"). Similar to the Illinois Action, the California Action
25 alleges Defendants violated the FLSA and seeks to conditionally certify a nationwide
26 FLSA collective action; thus putative class members overlap in both actions. In addition
27 to the FLSA collective action, the California Plaintiffs brought state Labor Code
28 violations which they intend to certify under Rule 23.

In both the Seventh and Ninth Circuit, a FLSA collective action and a state law class action pursuant to Rule 23 can be brought in the same federal lawsuit. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-74 (7th Cir. 2011) ["We conclude that there is no categorical rule against certifying a Rule 23(b)(3) state-law class action in a proceeding that also includes a collective action brought under the FLSA."]; *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 530 (9th Cir. 2013) ["In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims."];

WHEREAS On October 7, 2014, Defendants and California Plaintiffs in the California Action filed a Stipulation to Extend Time for Defendants to Respond to the Initial Complaint, advising the Court that the Parties had agreed to stipulate to transfer venue of the California Action to the Unites States District Court for the Northern District of Illinois to allow the California Plaintiffs to consolidate the California Action with the first-filed Illinois Action.

WHEREAS the Parties consent that the California Action should be transferred to the United States District Court for the Northern District of Illinois in which the Illinois Action is pending to allow the California and Illinois Plaintiffs to file a consolidated action against Defendants. The parties' consent and stipulation is appropriate and in accordance with 28 U.S.C. § 1404(a) which provides, in pertinent part, "…a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer of the California Action is also proper under the common law doctrine of the "first-filed" rule which provides that "when two parallel suits are proceeding in different courts, the court initially having jurisdiction should hear the case in order to conserve judicial resources and avoid conflicting rulings." *Autonation, Inc. v. Whitlock*, 276 F. Supp. 2d 1258, 1264 (S.D. Fla. 2003). Courts in the Ninth Circuit, in addition to most other circuits, follow this rule. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991);

*Goldfield Corp. v. Hartford Accident & Indem. Co.*, 2014 U.S. Dist. LEXIS 113886, *8-9 (E.D. Wash. Aug. 15, 2014). "Where two actions involving overlapping issues and parties are pending in two different federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first filed rule." *Apollo Enter. Solutions, LLC v. Debt Resolve, Inc.*, 2007 U.S. Dist. LEXIS 42910 (C.D. Cal. Apr. 10, 2007). Thus, in light of the legal authority regarding transfers of actions and because the California and Illinois Actions allege substantially the same facts and assert substantially similar causes of action against Defendants, to avoid motion practice, the Parties consent to transfer the California Action to the United States District Court for the Northern District of Illinois in which the Illinois Action is pending.

THEREFORE THE PARTIES STIPULATE as follows:

1. The California Action in its entirety, including all pleadings, Consents to Join, and all documents filed pending transfer of the physical file, shall be transferred to the United States District Court for the Northern District of Illinois before the Honorable Sharon Johnson Coleman.

2. Defendants shall have no obligation to file a responsive pleading to the California Action in light of the transfer of the California Action and in accordance with the Parties' prior stipulation and Order of this Court dated October 8, 2014.

3. The Parties stipulated to consolidate the Illinois Action and California Action into one Consolidated Action and to permit Plaintiffs leave to file a Consolidated Complaint before the Northern District of Illinois once the California Action is transferred.

///
///
///
///
///
///

**IT IS SO STIPULATED.**

I, Andranik Tsarukyan, attest that all signatories listed below concur in the filing's content and have authorized the filing.

Respectfully submitted,

Dated: October 30, 2014        BISNAR | CHASE

By:  /s/ Jerusalem F. Beligan
    Brian D. Chase
    Jerusalem F. Beligan

Attorneys for Plaintiffs and Putative Classes

Dated: October 30, 2014        BRANIGAN ROBERTSON

By:  /s/ Branigan A. Robertson
    Branigan A. Robertson, Esq.

Attorneys for Plaintiffs and Putative Classes

Dated: October 30, 2014        By:    /s/ Michael L. Fradin
    Michael L. Fradin, Esq.

Attorneys for Plaintiffs David Ramsey and Jared Steger

Dated: October 30, 2014        JACKSON LEWIS P.C.

By:   /s/ Andranik Tsarukyan
    Nicky Jatana
    Cynthia J. Emry
    Andranik Tsarukyan

Attorneys for Defendants,
LIFE TIME FITNESS, INC. and LTF CLUB MANAGEMENT COMPANY, LLC

4846-2489-5520, v. 2